82 F.3d 421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Stephen Byron ELLIOTT, Appellant.
 No. 95-2894.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 3, 1996.
Filed April 18, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stephen Byron Elliott appeals from the district court's[1] order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We affirm.
 
 
 2
 On direct appeal, we affirmed Elliott's sentence and conviction for manufacturing methamphetamine, in violation of 21 U.S.C. § 841(1). United States v. Elliott, No. 94-1717, 1994 WL 378996 (8th Cir. July 21, 1994) (unpublished per curiam). Elliott then filed this section 2255 motion, arguing that counsel rendered ineffective assistance in failing to challenge the government's evidence on the total weight of ephedrine seized from Elliott's motor home, and in failing to properly challenge the projection as to the quantity of methamphetamine that could be produced from the ephedrine.
 
 
 3
 We review de novo the district court's denial of Elliott's section 2255 motion and, as it was denied without an evidentiary hearing, affirm only if the motion, files, and records conclusively show that Elliott is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S.Ct. 224 (1995).
 
 
 4
 To prevail on his ineffective assistance claims, Elliott needed to demonstrate that his counsel's " 'representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.' " See Whitmore v. Lockhart, 8 F.3d 614, 616-17 (8th Cir.1993) (quoted case omitted). Elliott did not show he was prejudiced by counsel's failure to challenge the weight of the ephedrine used to project the methamphetamine he was capable of producing, because he did not rebut the testimony and test results in the record showing that the substance seized from Elliott's motor home was a quantity of ephedrine capable of producing the amount of methamphetamine that was used in determining Elliott's sentence. Although Elliott also argues that counsel failed to properly challenge the characterization of the projected amount of methamphetamine as "actual" methamphetamine, counsel raised the issue of the methamphetamine's purity at sentencing. We also note that, on direct appeal, we concluded the trial court correctly applied U.S.S.G. § 2D1.1, comment. (n.12), in approximating the quantity of methamphetamine Elliott was capable of manufacturing. See Elliott, 1994 WL 378996 at * * 1. We agree with the district court that Elliott failed to show counsel was ineffective.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas